**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Brittany Reed,**

**Plaintiff,**

**v.** **Case No.**

**Wawa, Inc.,**

**Defendant.**
______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Brittany Reed** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **Wawa, Inc.** ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an employment-discrimination action arising from Defendant's discrimination, sexual harassment, and retaliation against Plaintiff due to Plaintiff's sex, sexual orientation, and transgender status.

2. Defendant subjected Plaintiff to an escalating hostile work environment, failed to take prompt and effective corrective action after Plaintiff reported discriminatory and sexually harassing conduct, and terminated Plaintiff immediately after her written complaint of discrimination and harassment.

3. Plaintiff seeks legal and equitable relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., and the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §§ 760.01 et seq.

## JURISDICTION AND VENUE

4. This Court has federal-question jurisdiction over Plaintiff's Title VII claims under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

5. This Court has supplemental jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. § 1367 because those claims arise from the same nucleus of operative facts as Plaintiff's federal claims.

6. Venue is proper in this District under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because the unlawful employment practices alleged occurred in Hillsborough County, Florida, within the Tampa Division of the Middle District of Florida.

## PARTIES

7. Plaintiff is an adult resident of Hillsborough County, Florida.

8. Defendant Wawa, Inc. is an employer doing business in Florida and maintained a worksite at 5011 East Busch Boulevard, Tampa, Florida.

9. At all times material, Defendant employed at least fifteen employees and was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b), and the FCRA, Fla. Stat. § 760.02(7).

10. At all times material, Plaintiff was an "employee" within the meaning of Title VII and the FCRA.

## ADMINISTRATIVE PREREQUISITES

11. Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

12. In her charge, Plaintiff identified discrimination and harassment based on sex, sexual orientation, and gender identity; sexual harassment; retaliation; and a continuing action. Plaintiff described the discriminatory and sexually hostile workplace, her complaints to management, and her retaliatory termination.

13. The EEOC assigned Charge No. 511-2026-01616.

14. On or about June 14, 2026, the EEOC issued Plaintiff a Determination and Notice of Rights. This action is timely filed within ninety days of Plaintiff's receipt of that Notice.

15. Plaintiff has satisfied all conditions precedent to bringing this action.

## FACTUAL ALLEGATIONS

16. Plaintiff began working for Defendant on or about March 16, 2023.

17. Plaintiff worked as a Night Supervisor. Her duties included supervising night-shift operations.

18. Plaintiff worked at Defendant's Tampa store located at 5011 East Busch Boulevard.

19. Plaintiff is a transgender woman and lesbian. Defendant knew of Plaintiff's transgender status, gender identity, and sexual orientation.

20. Plaintiff had recently transferred to the Busch Boulevard store and had worked there for approximately one month when the discriminatory and hostile conduct escalated.

21. At that store, Plaintiff was subjected to bullying, hostility, exclusion, and conduct undermining her authority as a supervisor.

22. Among other conduct, a coworker made derogatory remarks about Plaintiff's gender identity, including referring to Plaintiff as "he-she or whatever that is."

23. Plaintiff's subordinates openly challenged her authority, told her that she did not know how to run the store, and instigated arguments intended to undermine her in the workplace.

24. Plaintiff repeatedly complained to management about the bullying, discriminatory treatment, and harassment. Defendant did not take meaningful corrective action.

25. Plaintiff's manager also subjected Plaintiff to unwelcome sexual harassment. The manager showed Plaintiff nude photographs of another woman, made sexual advances toward Plaintiff, and invited Plaintiff to dinner and to the manager's home.

26. The manager's sexual conduct was unwelcome. Plaintiff rejected the advances and complained to Defendant about the harassment.

27. The discriminatory comments, hostility, challenges to Plaintiff's authority, and sexual advances created an intimidating, humiliating, offensive, and abusive work environment that interfered with Plaintiff's ability to perform her supervisory job.

28. Defendant had actual notice of the discriminatory and sexually harassing conduct through Plaintiff's repeated complaints, including her complaint to management about the manager's conduct. Defendant failed to take prompt, appropriate, or effective remedial action.

29. On or about September 26, 2025, while Plaintiff was performing her job duties, another supervisor threw a metal pan in Plaintiff's direction without provocation.

30. Plaintiff had not previously had an altercation with the supervisor who threw the pan. Plaintiff put the pan away and returned to work.

31. Afterward, the supervisor continued speaking negatively under her breath. Other associates then verbally attacked Plaintiff in front of others, and multiple employees surrounded Plaintiff, creating a hostile and humiliating workplace confrontation.

32. Plaintiff did not threaten any associate. Rather, Plaintiff remained composed and stated that she would report the incident to management.

33. Plaintiff's report of the September 26 incident was additional protected opposition to discrimination, harassment, and workplace mistreatment.

34. On September 28, 2025, Plaintiff submitted a written complaint to Defendant's management reporting discrimination based on her sexual orientation and gender identity. Plaintiff reported that a coworker was disrespecting her sexual orientation, using derogatory terms, and mockingly misusing pronouns.

35. The September 28 written complaint also reported that the discriminatory conduct was recurring and that management was already aware of it.

36. Plaintiff's September 28 written complaint was protected activity because it opposed conduct Plaintiff reasonably believed was unlawful discrimination and harassment under Title VII and the FCRA.

37. Defendant did not terminate Plaintiff on September 26, September 27, or at any time before Plaintiff made her September 28 written complaint.

38. On or about September 29, 2025—the day after Plaintiff's written complaint—Defendant removed Plaintiff from the schedule and terminated her employment.

39. Defendant asserted that it terminated Plaintiff because she had threatened another associate.

40. Defendant asserted that it terminated Plaintiff because she had threatened another associate.

41. Defendant's investigation of the September incident was not fair or neutral. Management collected statements from other employees first, did not meaningfully consider Plaintiff's account, and failed to consider available objective evidence, including surveillance footage.

42. Defendant disciplined Plaintiff alone even though multiple employees participated in the September 26 confrontation, including the supervisor who threw the metal pan and the associates who verbally attacked and surrounded Plaintiff.

43. The suspicious timing of Plaintiff's termination, Defendant's failure to fairly investigate the incident, its disregard of surveillance evidence, and its selective discipline of Plaintiff support a plausible inference that Defendant's stated reason was pretextual and that Plaintiff's protected complaints were a determining factor in the termination decision.

44. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered lost wages, lost benefits, emotional pain and suffering, mental anguish, loss of dignity, and other nonpecuniary losses.

## COUNT I – TITLE VII VIOLATION (SEX DISCRIMINATION) 42 U.S.C. § 2000e-2(a)

45. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46. Title VII prohibits an employer from discharging or otherwise discriminating against an employee with respect to compensation, terms, conditions, or privileges of employment because of sex.

47. Discrimination against an employee because the employee is transgender or lesbian is discrimination because of sex under Title VII.

48. Defendant discriminated against Plaintiff because of sex, including her sexual orientation and transgender status, by subjecting her to less favorable terms

and conditions of employment, allowing discriminatory hostility to continue after notice, and terminating her employment.

49. Defendant's discriminatory conduct caused Plaintiff damages and entitles her to declaratory, injunctive, equitable, and legal relief.

**COUNT II– TITLE VII VIOLATION**
**HOSTILE WORK ENVIRONMENT / SEXUAL HARASSMENT**
**42 U.S.C. § 2000e-2(a)**

50. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 44 of this Complaint as though fully set forth herein.

51. Plaintiff was subjected to unwelcome harassment because of sex, including her sexual orientation and transgender status.

52. The harassment included derogatory gender-identity comments; discriminatory hostility, exclusion, and undermining by subordinates; and the manager's showing Plaintiff nude photographs, making sexual advances, and inviting Plaintiff to dinner and the manager's home.

53. The harassment was sufficiently severe or pervasive, viewed cumulatively, to alter the terms and conditions of Plaintiff's employment and create an objectively and subjectively hostile and abusive work environment.

54. Defendant is liable for the hostile environment because a manager engaged in sexually harassing conduct, Plaintiff repeatedly reported the harassment and discrimination to management, and Defendant failed to take prompt and effective corrective action.

55. Defendant's unlawful conduct caused Plaintiff damages and entitles her to declaratory, injunctive, equitable, and legal relief.

**COUNT III — TITLE VII VIOLATION (RETALIATION)**
**42 U.S.C. § 2000e-3(a)**

56. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 44 of this Complaint as though fully set forth herein.

57. Plaintiff engaged in protected activity by complaining to Defendant about discrimination, discriminatory harassment, sexual harassment, and the September 26 workplace incident; rejecting her manager's unwelcome sexual advances; and submitting the September 28 written complaint.

58. Defendant subjected Plaintiff to a materially adverse employment action when it removed her from the schedule and terminated her employment on September 29, 2025.

59. Plaintiff's protected activity was a but-for cause of Defendant's decision to terminate her, as shown by the immediate temporal proximity between her written complaint and discharge, the falsity of the stated reason, the one-sided investigation, the failure to consider available surveillance evidence, and the disparate treatment of other employees involved in the underlying incident.

60. Defendant's unlawful retaliation caused Plaintiff damages and entitles her to declaratory, injunctive, equitable, and legal relief.

**COUNT IV—FCRA VIOLATION (SEX DISCRIMINATION)**
**Fla. Stat. § 760.10**

61. Plaintiff re-alleges and re-adopts paragraphs 1 through 44 of this Complaint as if fully set forth herein.

62. The FCRA prohibits an employer from discharging or otherwise discriminating against an individual with respect to compensation, terms, conditions, or privileges of employment because of sex.

63. Defendant discriminated against Plaintiff because of sex by subjecting her to discriminatory terms and conditions of employment, permitting the discriminatory conduct alleged above to continue after notice, and terminating her employment.

64. Defendant's discriminatory conduct was willful, knowing, and intentional, and caused Plaintiff damages for which the FCRA affords relief.

**COUNT V—FCRA VIOLATION**
**(HOSTILE WORK ENVIRONMENT / SEXUAL HARASSMENT)**
**Fla. Stat. § 760.10**

65. Plaintiff re-alleges and re-adopts paragraphs 1 through 44 of this Complaint as if fully set forth herein.

66. Plaintiff was subjected to unwelcome harassment because of sex, including gender-based discriminatory hostility and unwelcome sexual conduct by her manager.

67. The harassing conduct was sufficiently severe or pervasive to alter Plaintiff's conditions of employment and create a hostile and abusive work environment.

68. Defendant had actual notice of the discriminatory and sexually harassing conduct through Plaintiff's reports to management, but failed to take prompt and effective corrective action.

69. Defendant's unlawful conduct caused Plaintiff damages for which the FCRA affords relief.

## COUNT IV—FCRA VIOLATION (RETALIATION)
## Fla. Stat. § 760.10(7)

70. Plaintiff re-alleges and re-adopts paragraphs 1 through 44 of this Complaint as if fully set forth herein.

71. Plaintiff opposed discriminatory employment practices by complaining about discrimination, discriminatory harassment, and sexual harassment, and by submitting a written discrimination complaint to management on September 28, 2025.

72. Defendant retaliated against Plaintiff by removing her from the schedule and terminating her employment on September 29, 2025.

73. Plaintiff's protected opposition was a but-for cause of Defendant's retaliatory conduct, as demonstrated by the immediate timing, the fabricated rationale, the deficient investigation, and Defendant's selective discipline.

74. Defendant's retaliation was willful, knowing, and intentional, and caused Plaintiff damages for which the FCRA affords relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant and award:

a) A declaration that Defendant violated Title VII and the FCRA;

b) Preliminary and permanent injunctive relief prohibiting Defendant from engaging in further unlawful discrimination, harassment, and retaliation;

c) Reinstatement to a substantially equivalent position, or front pay in lieu of reinstatement;

d) Back pay, lost benefits, and other lost remuneration, with prejudgment interest as allowed by law;

e) Compensatory damages, including damages for emotional pain and suffering, mental anguish, loss of dignity, and other nonpecuniary losses;

f) Punitive damages under Title VII and the FCRA to the extent allowed by law;

g) Reasonable attorneys' fees and costs;

h) Post-judgment interest; and

i) Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 27th day of August 2026.

Respectfully submitted,

*s/ Chad A. Justice*

**CHAD A. JUSTICE**
Florida Bar Number: 121559
**SAMUEL DOXSEE**
Florida Bar Number: 127318
**JUSTICE LITIGATION ASSOCIATES, PLLC**
1205 N Franklin St
Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: sam@justicelitigation.law
E-mail: chad@justicelitigation.law
**Attorneys for Plaintiff**